UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>Carlton E Graham and Hyacinth A. Graham<br><br>Debtors.<br>_____<br><br>Carlton E. Graham and Hyacinth A. Graham,<br><br>Appellants,<br><br>v.<br><br>PNC MORTGAGE, A Division of PNC BANK, N.A.,<br><br>Appellees. | Case No. 2:15-cv-00325-RFB-GWF<br>(Bankruptcy Appeal)<br><br>**ORDER** |

## I. INTRODUCTION

This case involves an appeal of a bankruptcy court order. Appellants Carlton and Hyacinth Graham (collectively, "Appellants") appeal from the (a) Order Granting Motion for Relief from the Automatic Stay (California Property); (b) Order Granting Motion for Relief from the Automatic Stay (Nevada Property) (collectively, the "Stay Relief Orders"); (c) Order Denying Debtors' Motion to Declare PNC Mortgage, a Division of PNC Bank, N.A. an Unsecured Creditor (the "Denial Order"); and (d) Order Overruling Debtors' Objection to Claim 19-1 of PNC Mortgage ("Nevada Claim Allowance Order," and together with the Stay Relief Orders and Denial Order, the "Orders"), entered by the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") on February 13, 2015.

The Notice of Appeal was filed on February 23, 2015. (ECF No. 1). The Opening Brief was filed by Appellants on March 25, 2015. (ECF No. 5). Appellee PNC Mortgage ("Appellee") filed its Answering Brief concurrently with appendices on April 23, 2015. (ECF Nos. 8–10). The instant Motion to Dismiss Appeal was filed on October 10, 2016. (ECF No. 11). Appellants Responded on October 25, 2016, and Appellee Replied on November 2, 2016. (ECF Nos. 12, 13). Appellants filed a Motion to Stay Order for Temporary Writ of Restitution or Stop Eviction on November 28, 2016. (ECF No. 14). Appellee Responded on December 8, 2016. (ECF No. 15).

## II. FACTUAL BACKGROUND

The Court finds the following facts relevant to this appeal. In April 2003, Appellants obtained a mortgage loan from National City Mortgage Co. d/b/a Accubanc Mortgage in the original principal amount of $322,700 (the "Nevada Note"), to finance the purchase of residential property located at 2706 Riceville Drive, Henderson, Nevada 89052 (the "Nevada Property"). The Nevada Note is secured by a first-position Deed of Trust recorded on April 24, 2003 (the "Nevada Deed of Trust") in the Official Records in the Clark County Recorder's Office ("Official Records").

Also in 2003, Appellants obtained another mortgage loan from National City Mortgage Co. d/b/a Accubanc Mortgage in the original principal amount of $296,000 (the "California Note," and together with the Nevada Note, the "Notes"), to finance the purchase of residential property located at 841 South Whitney Court, San Dimas, California (the "California Property," and together with the Nevada Property, the "Properties"). The California Note is secured by a first-position Deed of Trust recorded on June 9, 2003 in the Official Records, with National City Mortgage Company serving as trustee thereunder, for the benefit of National City Mortgage Co.

Appellee, as successor by merger, is the holder of both the Notes and the Deeds of Trust.

On March 27, 2012, Appellants filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On June 11, 2012, Appellee timely filed a secured proof of claim (assigned as Claim 12-1) in the amount of $200,074.29 relating to the California Property. On August 13, 2012, Appellee timely filed a secured proof of claim (assigned as Claim 19-1) in the amount of

$213,587.90 relating to the Nevada Property. Appellants would eventually object to both proofs of claim filed by Appellee.

First, on June 18, 2013, Appellants objected to Appellee's proof of claim for the California Property. (App. 46–64). Appellants contended that Appellee did not hold an interest in the California Note and Deed of Trust. (See id.). In response, Appellee demonstrated that, as holder of the Note, it was entitled to enforce the Note. (App. 65–117). On October 21, 2013, the Bankruptcy Court entered an order overruling Appellants' objection to Appellee's proof of claim of the California Property. (App. 121–23).

Similarly, on November 19, 2014, Appellants objected to Appellee's proof of claim for the Nevada Property on the basis that, among other things, the Nevada Note and Deed of Trust was securitized. (App. 240–251). In response to Appellants' objection, Appellee demonstrated that it could enforce the Nevada Note as the note holder. (App. 251–335). The Bankruptcy Court rejected Appellants' arguments, and on February 13, 2015, entered an order overruling Appellants' objection to Appellee's proof of claim on the Nevada Property. (App. 399–401).

Prior to filing of the bankruptcy action ultimately giving rise to this appeal, on or about March 12, 2012, the Appellants filed a Petition for Judicial Review in Nevada state court challenging Appellee's authority to foreclose on the Nevada Property. Appellee filed its Response brief to the Petition for Judicial Review in state court on March 27, 2012, the same date Appellants initiated the bankruptcy proceedings ultimately giving rise to this appeal. Appellants then obtained a continuance of final resolution before the Bankruptcy Court at least twenty-nine times, and the Nevada Property languished for three years in the mandatory bankruptcy stay.

On November 18, 2014, Appellee moved for entry of an order in the Bankruptcy Court, pursuant to 11 U.S.C. § 362(d)(1), terminating the automatic stay to the Nevada Property and the California Property because Appellants had made no post-petition payments to Appellee relating to the Nevada Property under the Nevada Note or relating to the California Property under the California Note. The Appellants had not actually made any payments on the Nevada Property since at least as early as December 2010. On February 17, 2015, the Bankruptcy Court entered its stay relief orders, which lifted the automatic stay of the Nevada Property and the California Property.

After the Bankruptcy Court lifted the stay, the state district court resumed the action on the Petition for Judicial Review. On or about April 9, 2015, the state court issued its Findings of Fact and Conclusions of Law and thereby rejected all of Appellants' arguments, many of which are raised in this Court, and found that a foreclosure certificate may issue. On or about April 27, 2015, Appellants filed a notice of appeal of the state court action. The parties briefed the issues before yet another tribunal. On or about December 31, 2015, the Nevada Court of Appeals issued its Order of Affirmance.

On or about January 28, 2016, Appellee properly recorded a notice of sale on the California Property. On or about May 12, 2016, Appellee conducted a foreclosure sale on the California Property. Non-parties Ninhchau Nguyen and Yen Pham purchased the California Property at the foreclosure sale. On or about May 2, 2016, Appellee recorded its Foreclosure Certificate from the Nevada Mediation Program. On or about July 26, 2016, Appellee recorded a notice of sale of the Nevada Property. On or about August 26, 2016, Appellee conducted a foreclosure sale. Non-party NREI, LLC purchased the Nevada Property at the foreclosure sale. (Exhibit C, Trustee Deed). On or about September 6, 2016, a trustee's deed was recorded on the Nevada Property.

### III. LEGAL STANDARD

On appeal to the District Court, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and its factual findings are reviewed for clear error. In re Summers, 332 F.3d 1240, 1242 (9th Cir. 2003).

"Bankruptcy appeals may become moot in one of two (somewhat overlapping) ways. First, events may occur that make it impossible for the appellate court to fashion effective relief. . . . For example, when a trustee has already sold assets to third parties, a court may be powerless to undo what has already been done. . . . However, the party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide." In re Focus Media, Inc., 378 F.3d 916, 922 (9th Cir. 2004), cert. denied by 544 U.S. 968 (2005) (citations and quotation marks omitted). "Second, an appeal may become equitably moot when appellants have failed and neglected diligently to pursue their available remedies to obtain a stay of the objectionable orders

of the Bankruptcy Court, thus permitting such a comprehensive change of circumstances to occur as to render it inequitable to consider the merits of the appeal. . . . [This may occur where, for example,] appellants did not at any time apply to the bankruptcy judge for a stay[.]" Id. (citations and quotation marks omitted).

Generally, appellants must obtain a stay before filing an appeal of a sale of assets, for the purpose of upholding the "dominant rationale" of finality in bankruptcy. In re Onouli-Kona Land Co., 846 F.2d 1170, 1172 (9th Cir. 1988). "[H]owever, our past reliance on the rationale of a court's inability to fashion relief leaves an exception to bankruptcy's mootness rule. Since we first allowed this exception, for cases in which a court is able to fashion relief, the exception has operated in only one situation: where real property is sold to a creditor who is a party to the appeal." Id. (citations and quotation marks omitted). "[T]his exception for real property sold to a party-creditor is especially appropriate where the foreclosure sale is subject to statutory rights of redemption." Id. at 1172-73 (citation and quotation marks omitted). It therefore follows that "[b]ankruptcy's mootness rule operates only when a purchaser bought an asset in good faith" either where the purchaser is a non-party or where the purchaser is a party to the appeal with no statutory right of redemption. Id. at 1173 (citation omitted).

## IV. DISCUSSION

In their Opening Brief, Appellants reiterate their arguments from the underlying proceedings as to the invalidity of the sales of the Properties. Appellants assert that there is no tenancy that would replace them, and focus exclusively on challenging the Bankruptcy Court's orders denying their objections to Appellee's then-existing claim to the Properties and authority to foreclose, and lifting the stay and allowing the sale of the Properties. Appellee argues that this appeal should be dismissed on both mootness grounds: (1) the Properties have been sold to non-party good faith purchasers; and (2) the Appellants never sought a stay of the bankruptcy order lifting the stay and permitting the foreclosure sales. Appellee further argues that effective relief is impossible because the Court has no authority with respect to the current title holders who, as bona fide purchasers, are protected. Appellants request in their Motion that their eviction from the

Nevada Property be stayed pending resolution of the appeal, as constructive eviction is already in progress.

The Court has reviewed the record and briefings and finds that the instant bankruptcy appeal is moot upon both mootness grounds set forth in In re Focus Media. First, it is impossible for this Court to fashion effective relief. In so finding, the Court looks to case law on equitably setting aside a foreclosure sale, as such determination is closely related to this mootness ground. Here, the Properties have undisputedly been sold to non-parties to the appeal who were not involved with the initial sale of the property. The Court finds that these non-party buyers purchased the Properties in good faith. The Court further finds that effective relief is impossible because the Court lacks jurisdiction over the non-party purchasers as well as the Properties at this time.

Even if the Court could somehow fashion effective relief, the Court must consider the totality of the circumstances when deciding whether a basis exists to set aside a sale of a property to a non-party that made the purchase for value. The Nevada Supreme Court has recognized that whether or not there was an "innocent" bona fide purchaser for value is an important consideration in evaluating the equities in an action for equitable relief from a foreclosure. Shadow Wood HOA v. N.Y. Cmty. Bancorp, 366 P.3d 1105, 1114-15 (Nev. 2016). A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Id. at 1115 (citations omitted). Appellants do not contest that the third party purchasers purchased the Properties for value, nor do Appellants argue that the third parties committed any fraud. Appellants also fail to demonstrate that the third parties had notice of Appellants' claim in equity, as a foreclosure sale pursuant to a deed of trust terminates the prior owner's property interest. Id. at 1116. As the Nevada Supreme Court made clear in Shadow Wood, "[t]hat [the prior owner] retained the ability to bring an equitable claim to challenge [the] foreclosure sale is not enough in itself to demonstrate that [the purchaser] took the property with notice of any potential future dispute as to title." Id. Thus, even if this Court had authority to reconsider what appears to be a final state court action finding that the foreclosure sales may proceed, and even if the Court could take action without the purchasers being parties to

the appeal, it would lack the power to reverse the sales absent some showing of equities sufficient to overcome the position of the "innocent" purchasers. No such showing has been made in this case.

The Court also finds that the second In re Focus Media mootness ground is established. The record demonstrates that Appellants never sought a stay of the bankruptcy order they objected to, which permitted the sales. The Bankruptcy Court lifted the automatic stay on February 17, 2015. The "objectionable order" from the Appellants' perspective was thus entered over nineteen months before Appellants' request for relief in the instant case. Appellants did not seek a stay of that order during the remainder of the bankruptcy action and have not sought a stay in this appeal either. As the Appellants did not seek a stay of the bankruptcy order, the Court finds that they were not diligent in pursuing remedies to the sale. Appellants had an opportunity to seek relief and they offer no persuasive reason for not diligently doing so. The appeal is therefore also dismissed on this basis.

### V. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Appellee's Motion to Dismiss (ECF No. 11) is GRANTED. The appeal is dismissed.

**IT IS FURTHER ORDERED** that Appellants' Motion to Stay Order for Temporary Writ of Restitution and to Stop Eviction (ECF No. 14) is DENIED. The Clerk of Court is ordered to close this case.

DATED: July 18, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**